UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

Robert Scogna

Debtor.

**NOTICE OF MOTION FOR
TERMINATION OF AUTOMATIC STAY**

Case No.: 14-23403-rdd
(Chapter 13)

Assigned to:
Hon. Robert D. Drain
Bankruptcy Judge

Please take notice that Federal National Mortgage Association ("FNMA"), c/o Seterus, Inc., a secured creditor of Debtor, by the undersigned attorneys, will move this Court on August 23, 2017 at 10:00 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 300 Quarropas Street, Room 118, White Plains, NY 10601 for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C §1322(b)(5) terminating the automatic stay as to movant's interest in real property commonly known as 49 Embree Street, Tarrytown, NY 10591 and pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully requests relief from co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the co-obligor, and for such other relief as the Court may deem proper.

DATED:   May 23, 2017
         Williamsville, New York

Yours,

By:  _____

Courtney R. Williams, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Federal National Mortgage Association
("FNMA"), c/o Seterus, Inc.
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700

TO:

| | |
|---|---|
| Robert Scogna<br>49 Embree St.<br>Tarrytown, NY 10591 | Debtor |
| Susan W. Scogna<br>49 Embree Street<br>Tarrytown, NY 10591 | Co-Debtor |
| Anne J. Penachio, Esq.<br>Penachio Malara LLP<br>235 Main Street<br>Sixth Floor<br>White Plains, NY 10601 | Attorney for Debtor |
| Jeffrey L. Sapir, Esq.<br>As Chapter 13 and 12 Trustee<br>399 Knollwood Road<br>Suite 102<br>White Plains, NY 10603 | Chapter 13 Trustee |
| United States Trustee<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

**AFFIRMATION**

In Re:

Robert Scogna

            Debtor.

Case No.: 14-23403-rdd
(Chapter 13)

Assigned to:
Hon Robert D. Drain
Bankruptcy Judge

---

I, Courtney R. Williams, Esq., am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

1.       I submit the within Affirmation under penalty of perjury in support of the motion of Federal National Mortgage Association ("FNMA"), c/o Seterus, Inc. ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 49 Embree Street, Tarrytown, NY 10591.

2.       Secured Creditor is the holder of a note executed by Robert Scogna and Susan W. Scogna on or about the 4th day of January, 2006 in the principal amount of $380,000.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Westchester County Clerk on the 14th day of April, 2006 in Control Number 460930080 of Mortgages (the "Mortgage") covering the premises commonly known as 49 Embree Street, Tarrytown, NY 10591 (the "Mortgaged Premises"). A copy of the Note, Mortgage and Assignment is annexed hereto as **Exhibit 'A'**.

3.       On the 4th day of October, 2014 Debtor Robert Scogna filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

4.      The Note and Mortgage provide that the Debtor will be in default if they do not make full monthly payments on each due date. As of May 11, 2017, the Debtor is due for 18 payments in the amount of $4,235.59 each for the months of April 1, 2015 to September 1, 2016 and 8 payments in the amount of $4,450.07 each for the months of October 1, 2016 to May 1, 2017 and has not cured said default. Furthermore, 3 payments due on June 1, 2017 to August 1, 2017 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

5.      As of the 11th day of May, 2017 there is a total indebtedness on the Note and Mortgage in the sum of $786,893.87. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6.      Based on the Debtor's Schedules attached hereto as **Exhibit 'C'**, said real property is valued at $450,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there is no equity in the premises.

7.      There exists a co-obligor named Susan W. Scogna on the underlying obligation to the Secured Creditor.  Pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully requests relief from co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the co-obligor.  In support of said request, it is respectfully submitted that the co-obligor received consideration for the claim held by the secured creditor at least in the form of money loaned by the Secured Creditor.  Furthermore, it is respectfully submitted that the continuation of the co-debtor stay would irreparably harm the Secured Creditor in the absence of post-petition mortgage payments.

8.      Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, "cause" exists to vacate the automatic stay as the Debtor has failed to make monthly post-petition mortgage payments to Secured Creditor.  Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay.  See, In re Taylor, 151 B.R. 646 (E.D.N.Y. 1993); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); In re Frascatore, 33 B.R. 687 (B. Ct. E.D. Pa. 1983).

9.      A Memorandum of Law is submitted herewith.

10.     A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

11.     In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

12.     No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:    May 23, 2017
         Williamsville, New York

Yours,

By:  _____
Courtney R. Williams, Esq
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Federal National Mortgage Association
("FNMA"), c/o Seterus, Inc.
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700